judgment was made by this court on appeal; and in the absence of any specific designation in the moving papers of the particular irregularity complained of, it is difficult to see how this court could, from an inspection of the voluminous record, satisfactorily correct the supposed irregularities which the appellant claims existed, without having the attention of the court directed specifically to them, either in the notice of motion, or the affidavits on which the motion was made. The motion for a reargument is denied, with ten dollars costs and printing disbursements. Present — Mayham, P. J., Putnam and Herrick, JJ.

Margaret A. Swift, Plaintiff, v. Charles H. Swift, Defendant.— Motion to resettle order granted.— Resettled as proposed. No opinion.

Susie Sheldon, Plaintiff, v. Cornelia Mott and Others, Defendants. — Motion to dismiss appeal denied, with ten dollars costs, without prejudice to renewal of motion.—

*Mem.* BY THE COURT: On the 9th day of April, 1894, an order was made in the above entitled action dismissing plaintiff's complaint, and judgment entered thereon; the plaintiff thereafter appealed therefrom to this court. Pending such appeal, and on the 27th day of November, 1894, an order was made at a Special Term of this court whereby Alonzo P. Strong was substituted as the plaintiff's attorney of record in this action in place of Frank H. Short, from which order Mr. Short appealed to this court. On the 21st day of December, 1894, Justice Martin granted an order staying "all proceedings on behalf of the plaintiff herein, or by and on behalf of Alonzo P. Strong, as attorney or otherwise, on the order granted by a Special Term of this court (being the order of substitution referred to) * * * until the decision of the General Term upon the appeal taken from such order by the appellant, Frank H. Short." Thereafter, on the 4th day of February, 1895, the said Frank H. Short was served with affidavits and notice of a motion to be made at this term of the court to dismiss the appeal from the order herein granted on the 9th day of April, 1894, dismissing the plaintiff's complaint in this action, "and for such other relief as may be just, with costs of motion against Frank H. Short personally." The notice of motion was signed "Alonzo P. Strong, appearing as attorney for Susie Sheldon, plaintiff, for the purposes of this motion." It is unnecessary to discuss the merits of the motion or allude to the contents of the affidavits upon which the motion is founded. The motion is made by Alonzo P. Strong, as attorney for the plaintiff. He has heretofore been substituted as attorney for the plaintiff, but an order has been granted by a justice of this court prohibiting him from acting upon such order until the hearing and determination of the appeal therefrom. His claim is that he is not violating such stay, because the stay prohibits him from taking any proceedings on that order, and he professes that he is not appearing for the plaintiff pursuant to such order; that his appearance is for the purposes of this motion only. This seems to us merely an evasion. The stay cannot be nullified by a special appearance. The order appointing an attorney for the plaintiff appoints him as attorney in this action. If he succeeds in this motion now before us the action will be finally ended and disposed of; everything that can be accomplished by an attorney of record will have been accomplished. He will have acted as attorney for the plaintiff in this action, and will have accomplished all that an attorney could do; he will have discharged those functions which the order of the Special Term substituting him as an attorney of record was intended to enable him to discharge, and that despite the order of Justice Martin prohibiting him from so doing. We do not think that we should permit orders of justices of this court to be thus trifled with or evaded. The proper course to pursue is to endeavor to have the stay vacated or modified. The motion is, therefore, denied, with ten dollars costs, to be paid by Mr. Strong personally, without prejudice, however, to the renewal of the motion upon the vacation or modification of the stay of proceedings herein referred to. Present — Mayham, P. J., Putnam and Herrick, JJ.

Gervis G. Decore, Plaintiff, v. Samuel L. Wheeler, Defendant.— Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

In the Matter of the Estate of Henry G. Lapham. — Order of the surrogate reversed, and the case remitted to the surrogate, with direction to grant motion, with ten dollars costs and printing and other disbursements. No opinion.

Henry Bahr v. Edison General Electric Company.— Order reversed, motion to open default and vacate judgment granted, with ten dollars costs of this appeal and printing and other disbursements. No opinion.

In the Matter of the Application of Caroline J. Dewey, etc.— Order modified as per memorandum, with costs.—

*Mem.* by HERRICK, J.: An order has been entered in this matter stating that the decree of the surrogate "is reversed upon the law and facts." It is contended that that was proper in view of the twelfth finding of the surrogate in his findings of fact, "that the balance unpaid is $137.29;" and that it follows as a necessity from the conclusions of the opinion that such finding is reversed. In truth the decision of the surrogate was reversed upon a question of law. If the finding of the surrogate, "that the balance unpaid is $137.29," is a conclusion of fact, which I very much doubt, that conclusion of fact was reached by him by reason of the same error of law which was discussed in the opinion, and, therefore, while it may be said that the surrogate's conclusions of fact are reversed, they are so reversed because of the error of law committed by him. The order entered herein should, therefore, be modified so as to read: Ordered, that the decree of the surrogate of Clinton county be and the same hereby is reversed upon questions of law, and that the costs and disbursements of said appeal be paid by said executors to the appellant from the estate of Silas H. Dewey. And it is further ordered, that the said proceedings be and the same are hereby remitted to the surrogate of Clinton county for a rehearing herein. Mayham, P. J., and Putnam, J., concurred.